UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PALMER PAXTON STOUTT, et al

    Plaintiffs

v.                                                         **CASE NUMBER:** 97-2819 (DRD)

BANCO POPULAR DE PUERTO RICO et al

    Defendants

## ORDER

Co-defendant Banco Popular has filed a motion to dismiss the Complaint for Plaintiffs' failure to comply with discovery orders. (Docket No. 48). Banco Popular advances that the Court has issued several orders setting deadlines for discovery, these deadlines have been extended as per Plaintiffs' requests, and still Plaintiffs' have not complied with the extensions. Further, Banco Popular asserts that the taking of Co-plaintiff Palmer Paxton Stoutt's deposition has been scheduled but has not been taken because it was canceled by Plaintiffs at the last minute.

Plaintiffs oppose Banco Popular's motion arguing that Banco Popular has never sought a Rule 311 conference or an order to compel discovery, specifically for the taking of Palmer Paxton Stoutt's deposition, and that Plaintiffs were justified in requesting the postponement of Palmer Paxton Stoutt's deposition due to the passing of Hurricane José over the Caribbean. Further, Plaintiffs assert that they offered to have Palmer Paxton Stoutt's deposition taken on November 17th and 18th, 1999, but Defendants soon rejected this offer as Defendants had already filed the present motion to dismiss. (Docket No. 51). Thus, Plaintiffs argue that the imposition of sanction for failure to comply with discovery is not warranted.

### I. Sanctions for non-compliance with discovery

FED. R. OF CIV. PROC. 37(b)(2) allows a Court to impose sanctions, including dismissal of the Complaint, where a party fails to comply with Court orders regarding discovery. Thus, courts have discretion to impose sanctions under Rule 37(b)(2) where there is an order of the Court regarding discovery and that order is violated by one of the parties. R.W. Int.'l Corp. v. Welch Foods, Inc., 937 F.2d 11 (1st Cir. 1991); An-Port Inc. v. MBR Industries, Inc., 772 F.Supp.1301, 1306 (D.P.R. 1991). Moreover, courts have discretion to impose the sanction of dismissal where a party has violated said order acting in bad faith or demonstrating a "callous disregard" of his or her duties as a litigant, National Hockey League v. Metro Hockey Club, 427 U.S. 639, 643 (1976), and courts do not have to "attempt less severe sanctions before turning to the sanction of dismissal." Farm Construction Services, Inc. v. Fudge, 831 F.2d 18, 20 (1st Cir. 1987). See also Barreto v. Citibank, N.A., 907 F.2d

15, 16 (1st Cir. 1990); Daminai v. R.I. Hosp., 704 F.2d 12 (1st Cir. 1983); Gómez Vázquez v. Litton Industries Leasing Corp., 67 F.R.D. 117, 121 (1st Cir. 1975). Still, as was stated by the First Circuit:

> Civil Rule 37 erects a two-tiered framework for addressing a litigants failure to cooperate in discovery. First, the party propounding discovery must seek a Court order compelling discovery. It is only if the offending party refuses to comply with such an order that the Court may choose a sanction as stern on as dismissing the action or striking the offender's pleadings. Thus, Civil Rule 37 does not permit the district court to jump directly to the most dire of sanctions without essaying an intermediate first step.

U.S. v. One 1987 BMW 325, 985 F.2d 655, 660 (1st Cir. 1993).

## II. Application to facts

Throughout the litigation in this case Plaintiffs have requested, and the Court has granted, several extensions of time to complete discovery. On one of these occasions the Court specifically stated: "No further extensions shall be granted. The August 25 deadline is Final and Fatal." (Margin Order, Docket No. 42). (Emphasis in original.) It is now February 2000, two years and two months after the filing of the Complaint, and discovery still has not been completed, due at least in part to Plaintiffs' two-time postponement of Palmer Paxton Stoutt's deposition and to the amount of time taken by Plaintiffs to fully answer Defendants' interrogatories. Yet, Defendants have never before requested an order to compel discovery. Thus, the Court finds warranted the imposition of sanctions upon Plaintiffs for failure to comply with discovery deadlines, but not the imposition of the sanction of dismissal of the Complaint.

Plaintiffs are supposed to be the parties with the strongest interest in the prosecution of this case and, thus, with the strongest interest in not delaying discovery. Thus, their repeated requests for extensions of time to complete discovery and their postponement of Co-plaintiff Palmer Paxton Stoutt's deposition certainly warrant the imposition of Rule 37 sanctions. Still, the Court finds that Plaintiffs have offered sufficiently strong justifications for their actions so as to excuse them from a dismissal of their Complaint. Further, Defendants have never before requested the Court to compel Plaintiffs to allow the taking of Palmer Paxton Stoutt's deposition. Further, the Court finds that Defendants have also caused delay to the procedures by not answering interrogatories in timely fashion and even requesting from Plaintiffs extensions beyond the deadlines imposed by the Court. Therefore, the Court orders Plaintiffs to make Palmer Paxton Stoutt available for the taking of a deposition at Defendants' request and to abstain from further delays in the discovery process. Plaintiffs are forewarned that further failure to comply with discovery deadlines will result in dismissal of their Complaint.

ALL DISCOVERY MUST BE COMPLETED BY MARCH 5, 2000. ABSOLUTELY NO EXTENSIONS WILL BE GRANTED AND FAILURE BY EITHER PARTY TO COMPLY WILL RESULT IN THE IMPOSITION OF THE MOST SEVERE OF RULE 37 SANCTIONS.

Deadline to file dispositive motions shall be March 31, 2000. Pretrial conference shall be May 17, 2000 at 9 a.m. Trial shall be held on June/July/August of 2000. The date shall be set at the pretrial conference.

Date: February 02, 2000

DANIEL R. DOMINGUEZ
U.S. District Judge

| Rec'd: | EOD: |
|---|---|
| By: | # 54 |

N\97-2819 DSC