UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PALMER PAXTON STOUTT, et al

    Plaintiffs

v.                                          **CASE NUMBER:** 97-2819 (DRD)

BANCO POPULAR DE PUERTO RICO et al

    Defendants

**ORDER**

    Since this case was first filed on December 4, 1997, the Court has granted the parties numerous extensions of time to perform discovery. (See Docket Nos. 33, 37, 40, 42, & 54). Further, on more than one occasion, the Court has granted these extensions with a warning that no additional extensions would be granted. (See Docket Nos. 42 & 54). Notwithstanding, additional extensions have been granted because the Court has found a reasonable justification in the parties', particularly Plaintiff's, requests. Now again, two days before the last deadline for discovery imposed by the Court, Plaintiff indirectly requests an additional extension, this time in the form of a motion to inform service of expert report and Curriculum Vitae and to request and Order that Defendant decide where Plaintiff's newly announced expert will be deposed. (Docket No. 55). Defendant opposes Plaintiff's attempt at a further extension of time and requests exclusion of Plaintiff's expert witness testimony pursuant to Fed. R. Civ. P. 37 (Docket No. 57).

    Although the Court sympathizes with Plaintiff's need to properly evidence his claim, the Court cannot extend discovery deadlines forever. On September 2, 1998, the Court granted Plaintiff sixty (60) days to identify its experts and thirty (30) days thereafter to serve its experts' reports. Defendant was then granted sixty (60) days after Plaintiff served its expert report to identify the defense's experts and thirty (30) additional days to serve the experts' reports. (Docket No. 29). On March 12, 1999, the Court extended this deadline and granted all parties until February 28, 1999, to announce their experts and until April 15, 1999, to complete all discovery. (Docket No. 33 & 37, Marginal Orders). Then, on May 11, 1999, the Court again extended the discovery deadline and granted all parties until August 25, 1999, to complete all discovery, including the experts' discovery. Moreover, on this occasion the Court specifically warned: "<u>No</u> further extensions shall be granted. The August 25 deadline is <u>Final</u> and <u>Fatal</u>." (Docket No. 42, Marginal Order). Notwithstanding the Court's warning, on February 2, 2000, the Court once again extended the discovery deadline, granting all parties until March 5, 2000, to complete discovery. The warning on this second occasion was "Absolutely no further extensions will be granted and failure by either party to comply will result in the imposition of the most severe of Rule 37 sanctions." (Docket No. 54).

The Court has been extremely lenient with discovery deadlines in this case. More than three (3) years have passed since this case was filed and more than one year has passed since the initial deadline to conduct expert discovery. The Court has taken into account Plaintiff's financial difficulties in litigating the case at bar and has granted extensions of time liberally, so as to promote the interests of justice. Moreover, the Court has refrained from imposing sanctions for Plaintiff's failure to comply with discovery deadlines because Defendant's hands were not totally clean. (Docket No. 54, pg. 2). Notwithstanding, the Court's patience has ended and the time has come for measures to be taken regarding Plaintiff's repeated failure to comply with Court-imposed deadlines. Accordingly, in an exercise of its discretion, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion, therefore ordering the exclusion of Mr. Tom Myers as expert witness for Plaintiff. See Rubert-Torres v. Hops. San Pablo, Inc., 2000 WL 249149, *4, to be reported at 205 F.3d 472, ___ (1st Cir. 2000) (First Circuit reviews evidentiary rulings for abuse of discretion); Klonosky v. Mahlab, 156 F.3d 255, 271 (1st Cir. 1998) ("absent some unusual extenuating circumstances not present here, the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial"); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st Cir. 1996) (trial judge has broad discretion on pre-trial management matters; First Circuit Court of Appeals will review denial of discovery for abuse of considerable discretion).

For administrative purposes, this Order disposes of Docket Nos. 55, 56, 57, & 58.

IT IS SO ORDERED.

Date: April _11_, 2000

DANIEL R. DOMINGUEZ
U.S. District Judge

| Rec'd: | EOD: |
|---|---|
| By: | # |

N:\97-2819A DSC