UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
'00 DEC -8 AM 11: 4

CLERK'S OFFICE
US DISTRICT COURT
SAN JUAN, PR

**PALMER PAXTON STOUTT, et al.**

v.  Civ. No. 97-2819 (DRD)

**BANCO POPULAR DE PUERTO RICO, et al.**

ORDER

Pending before the Court are Docket Nos. 61, 65, 70 and 71. The Court rules as follows:

| Docket No. | Ruling | Title and Date |
|---|---|---|
| 61 | DENIED | Motion Requesting Reconsideration, April 18, 2000. |

Plaintiffs filed a Motion Requesting Consideration of the Order issued by the Court on April 12, 2000. (Docket No. 61). Defendants opposed on May 24, 2000. (Docket No. 67). On June 14, 2000, plaintiffs filed a Reply to BPPR's Opposition to Motion Requesting Reconsideration. (Docket No. 70). For the following reasons plaintiffs' Motion Requesting Reconsideration is **DENIED**.

The Order issued by the Court on April 11, 2000 states
"The Court has been extremely lenient with discovery deadlines in this case. More than three (3) years have passed since this case was filed and more than one year has passed since the initial deadline to conduct expert discovery. The Court has taken into account Plaintiff's financial difficulties in litigating the case at bar and has granted extensions of time liberally, so as to promote the interests of justice. Moreover, the Court has refrained from imposing sanctions for Plaintiff's failure to comply with discovery deadlines because Defendant's hands were not totally clean. (Docket No. 54, pg. 2). Notwithstanding, the Court's patience has ended and the time has come for measures to be taken regarding Plaintiff's repeated failure to comply with Court-imposed deadlines. Accordingly, in an exercise of its discretion, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion, therefore ordering the exclusion of Mr. Tom Myers as expert witness for Plaintiff."
(Docket No. 60) (citations omitted).

Plaintiffs have failed to persuade the Court to reconsider the April 11, 2000 Order excluding Mr. Tom Myers as an expert witness for plaintiffs. (Docket No. 60). The Court granted plaintiffs multiple extensions to time for plaintiffs to comply with the discovery deadlines in this case. In addition, plaintiffs' argument that "[t]he February cut-off date for announcement of expert witnesses was made moot by the Court's subsequent order issued on March 29, 1999 staying all discovery" is totally incorrect. (Docket No. 70). The marginal order granting



plaintiffs' request to stay discovery proceedings, including expert's discovery, in pertinent part states "No further extensions shall be granted. The August 25 deadline is Final and Fatal." (Docket No. 42). Therefore, discovery proceedings were not stayed indefinitely, but until August 25, 1999. Further, "[n]otwithstanding the Court's warning, On February 2, 2000, the Court once again extended the discovery deadline, granting all parties until March 5, 2000, to complete discovery." (Docket No. 54). However, plaintiffs still failed to comply with the Court's discovery deadlines and again, two days before the last deadline, requested an additional extension. (Docket No. 60). See Docket No. 55.

The Court is convinced that plaintiffs were treated with extreme leniency by extending the discovery deadlines numerous times. Notwithstanding, plaintiffs failed time and time again to comply with the Court-imposed discovery deadlines. Therefore, the Court being unpersuaded by plaintiffs' arguments to reconsider the Order excluding Mr. Tom Myers as an expert witness, **DENIES** plaintiffs' motion. See Rubert-Torres v. Hops. San Pablo, Inc., 205 F.3d 479, (1st Cir. 2000) (First Circuit reviews evidentiary rulings for abuse of discretion); Klonosky v. Mahlab, 156 F.3d 255, 271 (1st Cir. 1998) ("absent some unusual extenuating circumstances not present here, the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial"); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st Cir. 1996) (trial judge has broad discretion on pre-trial management matters; First Circuit Court of Appeals will review denial of discovery for abuse of considerable discretion); Thibeault v. Square D. Co., 960 F.2d 239, 245 (1st Cir. 1992) ("[I]n the Rule 26(e) context, preclusion can be imposed in response to a party's subversion of the trial process, even if the responsible party was guilty of laxity rather than bad faith.").

| 65 | MOOT | Motion Requesting Extension of Time, May 16, 2000. |
|---|---|---|
| 70 | GRANTED | Motion Requesting Leave to File Reply, June 14, 2000. |
| 71 | GRANTED | Motion Requesting Leave to File Reply and Request for Enlargement of Time, June 15, 2000. |

**IT IS SO ORDERED.**

December 05, 2000.

DANIEL R. DOMINGUEZ
U.S. District Judge